## No. 45

GINDER, Treas. v. THACHER et

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1380.   Decided Dec. 2, 1925

1104. STATUTE OF LIMITATIONS—Even though statute has run against note, the mortgagee or assignee may maintain an action upon his mortgage; and that right is barred 21 years from date of mortgage.

BY THE COURT.

This action was commenced in the Franklin Common Pleas by William Ginder, county treasurer, to foreclose the tax lien upon the property of Edward Thacher and to sell same for payment of taxes. M. A. Karshner, as holder of the mortgage, and John Faust as holder of a former tax lien, were made parties defendant. Later Willis Bowland was also made party defendant and he filed an answer setting up a mortgage lien. Faust filed an answer setting up his tax lien under a tax sale in 1912.

Bowland demurred to the answer and cross-petition of Faust upon the ground that the claim was barred by the statute of limitations. The demurrer was sustained and Faust in his amended answer set up the sale of the property for taxes and also the fact that one Wilbur Benoy as trustee in bankruptcy for Bowland in a former action, set up the identical mortgage claimed in the present action by Bowland; and that same was assigned to one Burns who is the holder and owner of record of the judgment rendered in favor of Benoy,

assignee. Bowland's demurrer to Faust's amended answer and cross-petition was sustained and the appeal was taken from the particular order and judgment of the lower court. The Court of Appeals held:

1. It does not appear that there was any order or judgment in the former case in favor of Faust upon his tax lien.

2. The only claim is that he filed his answer and cross-petition in the former case within the period of the statute of limitations; and that alone does not prevent the running of the statute in the present case.

3. Faust's answer and cross-petition in the present case rests wholly upon the original tax claim under a sale in February, 1912; and under this record it would be barred by the statute of limitations.

4. It is claimed that Bowland's claim under the mortgage was also barred by the statute of limitations. While the claim of the note would be barred, the mortgagee or assignee of a mortgage, may maintain an action upon his mortgage, and that right is only barred after 21 years from the date of the mortgage.

5. The mortgage is therefore not barred by the statute of limitations and the mortgagee (Bowland) would have sufficient right to interpose a demurrer to the claim of Faust.

6. The claim that Burns is the holder and owner of the judgment of the mortgage according to records is not an absolute everment that he is the actual owner. Bowland's demurrer admits only the facts pleaded.

7. It is entirely possible, notwithstanding the averment in Faust's amended answer and cross-petition, that Bowland is the owner and helder of the mortgage set up by him in his answer.

8. Demurrer to Faust's answer and cross-petition was properly sustained.

Decree accordingly.

Attorneys—Olin J. Ross for Faust; Jos. A. Godown for Bowland; both of Columbus.